# WASHINGTON COUNTY.

————✦————

THOMAS T. TUCKER *vs.* WILLIAM E. H. WHALEY.

A. died without leaving sufficient food for the immediate use of his cattle. B. purchased of C. for A.'s estate the needed food. B. was subsequently appointed administrator of A. In an action by C. against B. personally to recover the price of such food, the judge instructed the jury that if credit was given to the estate, the verdict should be for the defendant; if credit was given to the defendant, the verdict should be for the plaintiff; and that the jury should determine to which party credit really was given :—

*Held*, error, as credit to the estate if it means anything means credit to the administrator, who may be personally sued on a contract made by him for the benefit of the estate after the intestate's death.

*Held*, further, that the appointment of B. as administrator related back to the time of purchase.

*Query*, whether B. could have been charged had he remained a stranger to the estate ?

EXCEPTIONS to the Court of Common Pleas.

Assumpsit, originally brought before the Justice Court of South Kingston, taken by the defendant's appeal to the Court of Common Pleas, and after a trial and verdict brought to this court by the plaintiff's' exceptions.

It appears from the bill of exceptions that one Perkins died without leaving sufficient food for his cattle. The day after the funeral the defendant and another went to the plaintiff and obtained $30 worth of hay to feed the cattle of Perkins. Subsequently the defendant was appointed administrator of Perkins's estate. At the trial in the Court of Common Pleas the defendant testified that he gave the plaintiff express notice when the hay was bought that it was for the Perkins estate, and that the plaintiff must look to the estate for his pay. The plaintiff denied this, saying that he sold the hay to the defendant and did not know where it was going, though he understood from what was said by the defendant and his companion that the hay was going to Mrs. Perkins for the stock. The judge instructed the jury that it was wholly a question of fact. If credit was given to the estate, the verdict should be for the defendant ; if credit was given to the defendant, the verdict should be for the plaintiff ; and the jury should determine to which party credit

really was given. To these instructions the plaintiff excepted, and after verdict for the defendant brought the case to this court.

*South Kingston, April* 6, 1877. DURFEE, C. J. We think the court below erred in instructing the jury, that if credit was given to the estate, the defendant could not be held. The hay procured of the plaintiff was necessary for the sustenance of the cattle belonging to the estate, and ought to be paid for out of the estate, as an expense incident to the administration. But the estate can only be charged through the administrator, and the defendant is the administrator. He acted for the estate in procuring the hay, and, though it might be difficult to charge him if he had always remained a stranger to the estate, the credit being given to the estate, he did not so remain, but, after he so acted, became the administrator, and therefore may be regarded as administrator by relation when he so acted. Credit to the estate means, if it means anything, credit to the administrator, who, if he makes a contract for the benefit of the estate after the intestate's death, may be personally sued thereon. *Luscomb* v. *Ballard, Executor*, 5 Gray, 403, 405, and cases there cited. The defendant should have paid the plaintiff's claim and charged it to the estate, and, the charge being proper, would undoubtedly have been allowed by the Court of Probate. The exceptions are sustained, and a new trial is ordered in the Court of Common Pleas.                 *Exceptions sustained.*

*Joseph W. Congdon & N. C. Peckham, Jr.*, for plaintiff.

*Elisha C. Clarke*, for defendant.